**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL ENGLISH, | No. 18-56489 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03518-GW-AFM |
| v. | |
| ANDREW SAUL, Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George Wu, District Judge, Presiding

Submitted March 15, 2021**
San Francisco, California

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges.

Rachel English appeals the district court's order affirming the Commissioner

of Social Security's denial of her application for disability insurance benefits under

Title II and supplemental security income under Title XVI of the Social Security

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.[1]

The ALJ did not err at step two when he found that English did not have a medically determinable impairment. A medically determinable impairment must be established through medical evidence including "signs, symptoms, and laboratory findings," and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citation omitted); *see also* SSR 16-3p, 82 Fed. Reg. 49462, 49464, 49467 (Oct. 25, 2017). The ALJ properly found that English's symptoms lacked support in the medical record as a whole, which revealed English's consistently normal test results and clinical findings, the lack of any definitive diagnosis of endometriosis or thyroid problems, and refusal to follow prescribed treatments or attend referral visits as recommended by her physicians. The ALJ did not err by failing to discuss a jury excuse note identifying English's endometriosis because this note did not constitute objective medical evidence and did not describe any clinical findings or laboratory results.

The ALJ properly afforded great weight to the opinion of impartial medical expert Dr. John Morse, who testified at English's hearing that he could not identify

---

[1] English's Motion to Expedite (Dkt. #14) is denied as moot.

any medically determinable impairment. Dr. Morse's opinion was consistent with the state agency consultant's uncontroverted opinion that English did not have a medically determinable impairment, and therefore constituted substantial evidence.

The ALJ did not err by discrediting English's subjective symptom testimony. The ALJ was not required to evaluate the extent to which English's symptoms interfered with her ability to perform basic work activities because English's symptom testimony alone was insufficient to establish the existence of a medically determinable impairment. Nonetheless, the ALJ still provided clear and convincing reasons to discount English's testimony, including the fact that English had exhibited poor effort during neurological testing, *see Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), and declined to follow treatment recommendations or take advantage of referrals, *see Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

**AFFIRMED.**